**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | |
|---|---|
| VERNON EARL MILLER,<br>*Petitioner,*<br>v.<br>STATE OF MISSOURI, et al.,<br>*Respondents.* | Case No. 1:26-cv-00026-MAL |

**MEMORANDUM AND ORDER**

Self-represented Petitioner Vernon Earl Miller has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. Doc. 1.[1] The Court finds that the petition is an unauthorized second or successive petition over which the Court lacks jurisdiction. The Court will therefore dismiss the petition without prejudice, and deny as moot Petitioner's remaining pending motions.

## I. Background

Petitioner is incarcerated in the Southeast Correctional Center in Charleston, Missouri, pursuant to a 2016 state-court judgment. Doc. 1; *see* Missouri Department of Corrections, Vernon Earl Miller, https://web.mo.gov/doc/offSearchWeb/offenderListAction.do?docId=1056062 (last visited July 7, 2026). More specifically, in July of 2016, a jury convicted Petitioner of forcible rape, statutory sodomy, and statutory rape in connection with his actions against his girlfriend's children. *Miller v. State*, 636 S.W.3d 197, 199 (Mo. App. 2021). The trial court sentenced Petitioner to serve a total of 39 years in prison. *Id.* at 201. The Missouri Court of Appeals affirmed Petitioner's convictions and sentences, *State v. Miller*, 531 S.W.3d 91 (Mo. App. 2017), and Petitioner was ultimately denied post-conviction relief. *Miller v. State*, 636 S.W.3d at 205–06; *Miller*

[1] Currently pending is Petitioner's "Motion to Seal Documents" in which he asks the Court to place the petition under seal. Doc. 4. The petition is already sealed, so the motion is moot and will be denied as such.

*v. State*, No. 16CF-CC00084-01 (42nd Jud. Cir. 2021). This Court takes judicial notice, as it may, of the public state records. *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007).

On or about June 27, 2022, Petitioner challenged the 2016 state-court judgment in a petition for writ of habeas corpus under section 2254 filed in this United States District Court. *Miller v. Stange*, No. 1:22-cv-00087-SNLJ, 2023 WL 4846611 (E.D. Mo. July 28, 2022). He asserted four grounds for relief: (1) ineffective assistance of trial counsel; (2) ineffective assistance of appellate counsel; (3) trial court errors; and (4) post-conviction appellate court errors. Memorandum and Order, *Miller*, 2023 WL 4846611 at *6–10. Each ground contained multiple claims of error, and altogether, Petitioner brought forty-two individual claims for relief. *Id.*

On July 28, 2023, the Honorable Stephen N. Limbaugh, Jr., United States District Judge, denied some of Petitioner's claims as procedurally defaulted and denied Petitioner's remaining claims as meritless. *Id.* at *10. Petitioner did not appeal. The Court takes judicial notice of this prior litigation, the records of which are public records filed in this United States District Court that relate closely to the case at bar. *See United States v. Jackson*, 640 F.2d 614, 617 (8th Cir. 1981) (citations omitted) (district court could "take judicial notice, whether requested or not . . . of its own records and files, and facts which are part of its public records . . . Judicial notice is particularly applicable to the court's own records of prior litigation closely related to the case before it.").

In the instant petition, which spans over 100 pages, Petitioner again challenges the July 2016 state-court judgment. Doc. 1. He states he "presents 11 claims in five different categories for grounds of relief as follows: 1) Ineffective Assistance of trial counsel, 2) Ineffective Assistance of Appellate Counsel, 3) Trial Court Error, 4) Appellate Court Error, 5) Missouri Supreme Court Error." *Id.* at 24. Petitioner states that "each category contains multiple claims for relief in this Petition for Writ of Habeas Corpus Relief." *Id.* After filing the petition, Petitioner filed an addendum which he stated contained "further textual matter concerning the Defective Indictment to be added" to his petition. Doc. 11 at 1. For brevity, the Court will not restate all of Petitioner's claims.

## II. Discussion

This Court must examine the petition and dismiss it if it "plainly appears" that Petitioner is not entitled to relief. Rule 4, Rules Governing Section 2254 Cases in the

United States District Courts. Having conducted the required review, the Court concludes that it lacks jurisdiction over the petition and will dismiss it.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) restricts second or successive habeas applications in three ways. First, the court must dismiss any claim in a second or successive application that the petitioner "presented in a prior application." 28 U.S.C. § 2244(b)(1). Second, the court must dismiss any claim in a second or successive application that the petitioner did not present, unless, among other things, the petitioner "shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2244(b)(2). Third, before a petitioner even files a second or successive application—including one containing claims allowed under section 2244(b)(2)—he must "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Absent authorization from the court of appeals, a district court lacks jurisdiction over a second or successive habeas petition and is required to dismiss it. *Burton v Stewart*, 549 U.S. 147, 153, 157 (2007) (per curiam).

Petitioner was held in custody pursuant to the 2016 state-court judgment when he filed his first section 2254 petition in *Miller v. Stange*, and Judge Limbaugh, Jr.'s decision was a final determination on the merits for purposes of section 2244(b). *See Caton v. Clarke*, 70 F.3d 64, 65 (8th Cir. 1995) (a determination of unexcused procedural default is a final determination on the merits for purposes of 28 U.S.C. § 2244(b)). Petitioner was being held in custody pursuant to the same 2016 state-court judgment when he filed the instant petition, so this is the second time Petitioner has filed a section 2254 petition to challenge the same custody imposed by the same state-court judgment. As a result, under AEDPA, he was required to receive authorization from the Eighth Circuit Court of Appeals before filing the instant petition. *See Burton*, 549 U.S. at 153. Petitioner does not appear to have sought, much less received, authorization from the Eighth Circuit Court of Appeals to file the instant petition. As a result, this Court lacks jurisdiction to entertain the petition and will dismiss it. *See id.*

The Court has considered whether to issue a certificate of appealability. To do so in this case, Petitioner must show "that jurists of reason would find it debatable whether

the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court finds no basis upon which to issue a certificate of appealability in this case.

## III. Conclusion

For the foregoing reasons, the Court dismisses Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus, Doc. 1, without prejudice. The Court declines to issue a certificate of appealability. A separate order of dismissal will accompany this Memorandum and Order. As explained above, the Court will deny as moot Petitioner's Motion to Seal, Doc. 4. Finally, because this case is being dismissed for lack of jurisdiction, the Court will deny as moot Petitioner's Motion to Appoint Counsel, Doc. 3; Motion to Deny Respondent's Continuation, Doc. 5; Motion and Memorandum to Preserve, Doc. 6; and both motions requesting clarification of case status, Docs. 8 and 10.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus, Doc. 1, is **DISMISSED** without prejudice**.**

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Appoint Counsel, Doc. 3; Motion to Seal, Doc. 4; Motion to Deny Respondent's Continuation, Doc. 5; Motion and Memorandum to Preserve, Doc. 6; and both motions requesting clarification of case status, Docs. 8 and 10, are **DENIED** as moot.

Dated this 21st day of August, 2026.

Maria A. Lanahan
MARIA A. LANAHAN
UNITED STATES DISTRICT JUDGE